**Opinion filed January 26, 2012**



# In The

# Eleventh Court of Appeals

_____

### No. 11-10-00038-CR

_____

## JOE GUADALUPE RANGEL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 16861B**

### M E M O R A N D U M   O P I N I O N

The jury convicted Joe Guadalupe Rangel of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver. Appellant pleaded true to an enhancement allegation. The jury found the enhancement allegation to be true and assessed appellant's punishment at ninety-nine years confinement and a fine of $10,000. The trial court sentenced him accordingly. We affirm.

*Issue on Appeal*

In his sole issue, appellant argues that the trial court abused its discretion by denying his pretrial motion to suppress the cocaine. The police officer found the cocaine in appellant's shorts pocket while performing a search incident to appellant's arrest for disorderly conduct.

Appellant contends that his arrest and the resulting search incident to the arrest were illegal because the officer did not have probable cause to arrest him for disorderly conduct. Therefore, appellant contends that the cocaine was seized as a result of an illegal arrest.

*Standard of Review*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). In reviewing a motion to suppress, we apply a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts. *Valtierra*, 310 S.W.3d at 447. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.*; *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). When, as here, no findings of fact were requested or filed, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Valtierra*, 310 S.W.3d at 447; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Second, we review de novo the trial court's application of law to facts. *Hubert*, 312 S.W.3d at 559; *Valtierra*, 310 S.W.3d at 447. We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Valtierra*, 310 S.W.3d at 447–48; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

*Probable Cause to Arrest*

A warrantless arrest for an offense committed in an officer's presence is reasonable if the officer has probable cause. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Probable cause to arrest exists where the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that a particular person has committed or is committing an offense. *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003); *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Amador*, 275 S.W.3d at 878. Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence. *Hughes*, 24 S.W.3d at 838; *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). An offense is deemed to have occurred within the presence or view of

2

an officer when any of his senses afford him an awareness of its occurrence. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

*The Evidence*

Abilene Police Officer Jerame Montgomery testified at the hearing on appellant's motion to suppress. Officer Montgomery testified that, on the night of December 2, 2007, he responded to a call regarding a fight in progress at the Elsidio nightclub located on South 7th Street in Abilene, Texas. He drove his marked patrol car to the scene. When he arrived at the scene, Officer Montgomery observed about fifteen to twenty people fighting in the nightclub's parking lot. Officer Montgomery said that "people were actually swinging their fists at each other."

Officer Montgomery testified that, once the people fighting in the parking lot saw his patrol car, "[e]verybody began to split up, disburse." While some of the people got into cars, two men ran into the field located east of the nightclub. Officer Montgomery testified that he had seen the two men fighting with other people and "throwing punches at other subjects" in the parking lot before they fled the scene. Officer Montgomery pursued the two men because he believed that he could catch them. Officer Montgomery made a U-turn on South 7th Street. He then jumped the curb and drove into the field in an effort to cut off the men. Officer Montgomery received information over his radio that two people might have been stabbed at the nightclub. Officer Montgomery stopped his patrol car in front of the men, got out of his patrol car, and ordered the men to stop running. They obeyed his order. Officer Montgomery testified that one of the men was appellant. Officer Montgomery did not state the other man's name during his testimony at the suppression hearing. However, at trial, Officer Montgomery testified that the other man's name was Martin Talavera. Therefore, we will refer to the other man by his name in the remainder of this opinion.

Officer Montgomery testified that he performed pat-down searches for weapons on the outside of appellant's and Talavera's clothing. Officer Montgomery did not find any weapons. During the pat-down of appellant, Officer Montgomery felt a "bulge" in the left front pocket of appellant's shorts. Officer Montgomery believed that the "bulge" was a plastic baggie containing marihuana. After the pat-downs, Officer Montgomery arrested appellant for disorderly conduct and placed him in handcuffs. Officer Montgomery asked appellant whether the "bulge" in the pocket of his shorts was marihuana. Appellant responded that it was not marihuana but was cocaine. Officer Montgomery then performed a search incident to the arrest

of appellant. During the search, Officer Montgomery retrieved the cocaine from appellant's pocket.

At the suppression hearing, Officer Montgomery did not testify as to whether he arrested Talavera for disorderly conduct. Although not relevant to the disposition of this appeal, we note that the evidence at trial showed that Officer Montgomery also arrested Talavera for disorderly conduct.

*Analysis*

A person commits the offense of disorderly conduct if he intentionally or knowingly "fights with another in a public place." TEX. PENAL CODE ANN. § 42.01(a)(6) (West Supp. 2011). On appeal, appellant relies on Section 9.31 of the Penal Code in asserting that a person "who strikes a blow in public" does not commit the offense of disorderly conduct if the person is acting in self-defense. *Id.* § 9.31 (West 2011). Appellant contends in his brief that, based on the "brief view of the scene" that Officer Montgomery had before detaining him, "[Officer Montgomery] could not have determined whether Appellant was in fact intentionally or knowingly fighting or whether he was in fact defending himself from the attack of another." In essence, appellant argues that, because Officer Montgomery could not determine that he was not acting in self-defense, Officer Montgomery did not have probable cause to arrest him for disorderly conduct.

The State argues that appellant did not preserve his self-defense issue for appellate review. Appellant did not present his self-defense claim to the trial court. In his motion to suppress, appellant asserted that "the evidence described above was seized without proper cause and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution and Article 18 of the Texas Code of Criminal Procedure." Appellant also asserted in his motion that the evidence was seized in violation of the requirements that evidence be obtained "pursuant to a valid stop and detention based on reasonable suspicion, probable cause and a valid warrant." The assertions in appellant's motion were global and general in nature. Appellant did not raise a self-defense claim at the hearing on his motion. Instead, appellant's counsel merely attacked the credibility of Officer Montgomery's testimony in arguing that probable cause did not exist to arrest him. Specifically, appellant's counsel argued as follows:

> Out of 15 to 20 people fighting, two of them -- everybody runs. These are the only two that [Officer Montgomery] could have caught. It is just not reasonable

4

that he could have actually seen these two individuals fighting, and so we would say that it was not a lawful arrest.

Thus, appellant failed to assert in the trial court that his arrest was illegal based on a self-defense claim. Appellant's self-defense claim was not apparent from the context of his motion to suppress or his argument at the hearing on the motion. The general and global assertions in his motion to suppress and his argument at the hearing on the motion were not sufficiently specific to preserve the self-defense argument he now makes on appeal. Therefore, he failed to preserve the issue for review. TEX. R. APP. P. 33.1; *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).

However, even if appellant had preserved error, we would conclude that the trial court did not abuse its discretion by denying his motion to suppress. Officer Montgomery testified that he observed appellant participating in the fight in the parking lot and "throwing punches" at other people. As the trier of fact, the trial court was entitled to believe Officer Montgomery's testimony. *Valtierra*, 310 S.W.3d at 447. A police officer need not anticipate a possible and apparently speculative defense that may be raised at trial when determining whether he has probable cause to arrest a person. Additionally, appellant's act of fleeing the scene when Officer Montgomery arrived was not consistent with the contention that appellant was acting in self-defense. Based on the evidence, the trial court could have reasonably concluded that Officer Montgomery had probable cause to arrest appellant for disorderly conduct. Appellant's issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

January 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.